**FILED**

SEP 2 7 2007

SEP 27 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | 07cv5458 |
| | ) | JUDGE LINDBERG |
| Plaintiff, | ) | MAG. JUDGE BROWN |
| | ) | |
| v. | ) | |
| | ) | |
| MCINTYRE GROUP, LTD. | ) | **COMPLAINT** |
| | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to

correct unlawful employment practices on the basis of race and to provide appropriate relief to

Charging Party Mark Hedgeman ("Charging Party" or "Hedgeman") and various classes of

employees who were adversely affected by such practices. This is also an action under Title VII

for retaliation against Hedgeman and various classes of employees who were adversely affected

by such practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of

1

Illinois, Eastern Division.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, McIntyre Group, Ltd. ("Defendant" or "McIntyre Group"), has continuously been and is now doing business in the State of Illinois and the City of University Park, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Hedgeman filed a charge with the Commission alleging violations of Title VII by McIntyre Group, Ltd.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least 2004, Defendant has engaged in unlawful employment practices at its facility in University Park, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).   These unlawful employment practices include, but are not limited to, the following:

(a) discriminating against Hedgeman and a class of employees by subjecting them to harassment because of their race, African American;

(b) subjecting a class of African American employees to different terms and conditions of

employment by paying them less than similarly situated non-African American employees;

(c) subjecting a class of African American employees to different terms and conditions of employment by failing to promote qualified African-American employees;

(d) retaliating against Charging Party by failing to promote him because he complained to Defendant about race harassment and/or discrimination in the workplace;

(e) retaliating against Charging Party and a class of employees by terminating them because they complained to Defendant about race harassment and/or discrimination in the workplace;

(f) retaliating against a class of employees by engaging in conduct (withholding (or threatening to withhold) employee bonuses because a charge of discrimination was filed with EEOC) that intimidated, or had the effect of intimidating, employees from and created disincentives for engaging in protective activity.

8.    The effect of the practices complained of in paragraph seven (7) above has been to deprive Hedgeman and various classes of employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

9.    The effect of the practices complained of in paragraph seven (7) above has been to deprive Hedgeman and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their participation in conduct protected by Title VII.

10.    The effect of the practices complained of in paragraph seven (7) above has been to deprive a class of employees of equal employment opportunities and otherwise adversely affect their status as employees, because Defendant intimidated, or had the effect of intimidating,

3

employees and created disincentives for engaging in protective activity.

11.     The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

12.     The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Hedgeman and a class of employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make whole Hedgeman and a class of African American employees adversely affected by the unlawful racial harassment alleged above by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

D.     Order Defendant to make whole Hedgeman and a class of African American employees adversely affected by the unlawful racial harassment alleged above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

4

E.      Order Defendant to make whole a class of African American employees who were qualified for promotion but were not promoted by virtue of the unlawful practices alleged above by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to, rightful place instatement to those employees who were not promoted in violation of Title VII, and compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F.      Order Defendant to make whole a class of African American employees who were qualified for promotion but were not promoted by virtue of the unlawful practices alleged above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G.      Order Defendant to make whole a class of African-American employees who received lower wages by virtue of the unlawful practices alleged above by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to, rightful wage instatement to those employees who received lower wages in violation of Title VII, and compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

H.      Order Defendant to make whole a class of African-American employees who received lower wages by virtue of the unlawful practices alleged above by providing

5

compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

I.      Order Defendant to make whole Hedgeman and a class of discharged employees by providing them appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

J.      Order Defendant to make whole Hedgeman and a class of discharged employees by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

K.      Order Defendant to make whole Hedgeman and a class of discharged employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

L.      Order Defendant to make whole a class of employees for whom Defendant created disincentives for engaging in protective activity by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

M.      Order Defendant to make whole a class of employees for whom Defendant created disincentives for engaging in protective activity by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

N.      Order Defendant to make whole Hedgeman, who was qualified for promotion but was not promoted by virtue of the unlawful practices alleged above, by providing appropriate

6

back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, and compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

O.      Order Defendant to make whole Hedgeman, who was qualified for promotion but was not promoted by virtue of the unlawful practices alleged above, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

P.      Order Defendant to pay punitive damages for its malicious and/or reckless conduct described in paragraph seven (7), in amounts to be determined at trial;

Q.      Grant such further relief as the Court deems necessary and proper in the public interest; and

R.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,
RONDALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION

7

1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7582

8