UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 07 CV 5458 ) |
| v. | ) Senior District Judge George W. Lindberg ) |
| MCINTYRE GROUP, LTD., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 27, 2007, Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed a complaint against Defendant McIntyre Group, Ltd. ("McIntyre") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The complaint was filed "to correct unlawful employment practices on the basis of race and. . .provide appropriate relief to Charging Party Mark Hedgeman [("Hedgeman")] and various classes of employees who were adversely affected by such practices." It also alleges claims for "retaliation against Hedgeman and various classes of employees who were adversely affected by such practices." McIntyre moved to dismiss the EEOC's complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) on October 18, 2007. McIntyre's motion is denied.

*Legal Standard – Rule 12(b)(6) Motions*

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496

F.3d 773, 776 (7th Cir. 2007) (citation omitted). This requirement

> impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the. . .claim is and the grounds upon which it rests.'. . .Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court.

*Id.* (citations omitted); *see also Killingsworth v. HSBC Bank Nev., N.A.*, No. 06-1616, 2007 WL 3307084, at *3 (7th Cir. Nov. 9, 2007) ("The [Supreme Court] explained in *Bell Atlantic* that the 'plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'. . .Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'") (citations omitted). When determining whether the EEOC has cleared these hurdles, the Court "accept[s] the complaint's well-pleaded allegations as true and draw[s] all favorable inferences for [the EEOC]." *Killingsworth*, No. 06-1616, 2007 WL 3307084, at *2 (citation omitted).

As an initial matter, the EEOC takes issue with McIntyre's interpretation of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). McIntyre's motion provides that "the Supreme Court clarified and redefined" the notice pleading standard stated in Rule 8(a)(2). *See* FED. R. CIV. P. 8(a)(2) ("A pleading which sets forth a claim for relief. . .shall contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . .). The EEOC disputes McIntyre's reading of *Bell Atlantic*. Specifically, the EEOC argues that the Supreme Court's decision did not "overhaul[] the notice pleading standard" or impose "a heightened fact pleading standard" in employment discrimination cases; rather, it "merely updated the oft-quoted language in *Conley v. Gibson*. . .that 'a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 355 U.S. 41, 45-46 (1957). The Court agrees with McIntyre that *Bell Atlantic* retooled federal pleading standards. *See Killingsworth*, No. 06-1616, 2007 WL 3307084, at *2 ("In *Bell Atlantic*, the Supreme Court retooled federal pleading standards, retiring the oft-quoted *Conley* formulation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citations omitted). That noted, the Court also agrees that *Bell Atlantic* does not require the Court to apply a heightened pleading standard to complaints alleging employment discrimination. *See id.*, at *3; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic*, 127 S. Ct. at 1974; *Concentra Health Servs., Inc.*, 496 F.3d at 782.

*Analysis*

In support of its motion, McIntyre argues that the "claims asserted by [the] EEOC. . .do not meet the federal pleading standard." Specifically, McIntyre contends that the complaint "is patently deficient. . .because it contains not a single factual allegation in support of [the] EEOC's claims of class-wide discrimination and retaliation." McIntyre adds that the "EEOC offers no facts whatsoever to support its broad class claims (or to support its claims that Hedgeman was individually subjected to discrimination and harassment, which are essentially intermingled with the class claims)." Finally, McIntyre suggests that because the EEOC's complaint "does not contain any factual allegations from which the identity of a single class member is apparent or may be discerned[,]. . .McIntyre cannot conceivably be on notice as to the claims against it or the grounds therefor."

Paragraph 7 of the EEOC's complaint provides, in part:

Since at least 2004, [McIntyre] has engaged in unlawful employment practices at its

facility in University Park, Illinois, in violation of. . .Title VII. . . .These unlawful employment practices, include, but are not limited to, the following:

>   (a) discriminating against Hedgeman and a class of employees by subjecting them to harassment because of their race, African American;
>
>   (b) subjecting a class of African American employees to different terms and conditions of employment by paying them less than similarly situated non-African American employees;
>
>   (c) subjecting a class of African American employees to different terms and conditions of employment by failing to promote qualified African-American employees;
>
>   (d) retaliating against [Hedgeman] by failing to promote him because he complained to [McIntyre] about race harassment and/or discrimination in the workplace;
>
>   (e) retaliating against [Hedgeman] and a class of employees by terminating them because they complained to [McIntyre] about race harassment and/or discrimination in the workplace; [and]
>
>   (f) retaliating against a class of employees by engaging in conduct (withholding []or threatening to withhold[] employee bonuses because a charge of discrimination was filed with [the] EEOC) that intimidated, or had the effect of intimidating, employees from and created disincentives for engaging in protective [sic] activity.

(Compl., at ¶7.) After reviewing the allegations included in paragraph 7, the Court concludes that they provide McIntyre with fair notice of the EEOC's claims and the grounds upon which they rest. *See Concentra Health Servs., Inc.*, 496 F.3d at 781-82 ("[A] plaintiff alleging employment discrimination on the basis of race, sex[,] or some other factor governed by 42 U.S.C. § 2000e-2 may allege the defendant's intent quite generally: ''I was turned down for a job because of my race' is all a complaint has to say.'. . .People have reasonably clear ideas of how a racially biased person might behave, and a defendant responding to an allegation of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim. . . .[O]nce a plaintiff alleging

illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim.") (citations omitted)[1]; *see also Erickson*, 127 S. Ct. at 2200 ("[s]pecific facts are not necessary") (citations omitted); *Killingsworth*, No. 06-1616, 2007 WL 3307084, at *3. And when taken as true (*see Killingsworth*, No. 06-1616, 2007 WL 3307084, at *2), the Court finds that the allegations plausibly suggest that the EEOC is entitled to relief. *See Concentra Health Servs., Inc.*, 496 F.3d at 776.

With respect to McIntyre's argument that the EEOC's failure to identify class members mandates dismissal under Rule 12(b)(6), the Court notes that McIntyre cites to no authority to support its position. Specifically, the citation to *Bell Atlantic* provided by McIntyre does not suggest that the EEOC must identify class members to survive a Rule 12(b)(6) motion. *See Bell Atlantic*, 127 S. Ct. at 1964-65. Moreover, paragraph 7 provides (1) the relevant time period during which the alleged unlawful acts occurred, (2) the specific facility at which they allegedly occurred, (3) the race of the employees against which the alleged unlawful acts were perpetrated, (4) specific unlawful acts that were allegedly perpetrated, and (5) specific protected activities under Title VII that McIntyre allegedly acted to thwart. The Court therefore concludes that McIntyre's argument lacks merit. *See*

---

[1] *Concentra Health Servs., Inc.* may be factually distinguished from the instant case. In *Concentra Health Servs., Inc.*, the Seventh Circuit affirmed the dismissal of a retaliation complaint that did not "specify the 'conduct in the workplace'" reported by the charging party. 496 F.3d at 781. Specifically, the amended complaint did "not specify the nature of the conduct [that the charging party] reported to [the defendant] other than to indicate that [the charging party] reasonably believed that it violated Title VII." *Id.* at 776. In affirming the district court's dismissal, the Seventh Circuit noted that "[p]recedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *Id.* at 781. The Seventh Circuit therefore found that the "proper analogue for the [amended] complaint [wa]s not a complaint alleging racial discrimination in hiring; it [wa]s a complaint in which the plaintiff withholds the basis upon which she suspects her employer acted: 'I was turned down for a job for a reason forbidden by Title VII.' To permit the EEOC's complaint would reward obfuscation, a perverse result." *Id.* at 782.

*Erickson*, 127 S. Ct. at 2200; *Killingsworth*, No. 06-1616, 2007 WL 3307084, at *3*; Concentra Health Servs., Inc.*, 496 F.3d at 776.

**ORDERED**: McIntyre's Motion to Dismiss the Complaint [8] is denied. McIntyre is ordered to answer the EEOC's complaint on or before December 21, 2007.

**DATED:** December 11, 2007    **ENTERED:** _/s/ George W. Lindberg_
George W. Lindberg
Senior United States District Judge