IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 5458 |
| v. ) ) | Judge Lindberg |
| MCINTYRE GROUP, LTD., ) ) | Magistrate Judge Brown |
| Defendant. ) ) | |

## CONSENT DECREE

### THE LITIGATION

1. On September 27, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") initiated this action by filing its Complaint against Defendant McIntyre Group, Ltd., ("McIntyre" or "Defendant"). The Complaint alleges that McIntyre violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by, *inter alia*, subjecting Charging Party Mark Hedgeman ("Hedgeman" or "Charging Party") and a class of African American employees to harassment because of their race, discriminating against a class of African American employees by paying them less and promoting them with less frequency than similarly situated non-African American employees, and retaliating against various classes of employees.

2. On December 21, 2007, McIntyre filed its Answer to EEOC's Complaint, denying all the allegations of harassment, discrimination, and retaliation contained in the Complaint.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally

1

Case: 1:07-cv-05458 Document #: 53 Filed: 07/01/08 Page 2 of 14 PageID #:244
Case 1:07-cv-05458    Document 50-2    Filed 07/01/2008    Page 2 of 14

resolved by entry of this Consent Decree (hereafter "Decree"). This Decree shall not constitute an adjudication and/or finding on the merits of the case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other legal proceeding against McIntyre.

4.  The parties agree that this Decree fully and finally resolves any and all claims and issues arising out of the Complaint and constitutes a complete resolution of all claims of race harassment, race discrimination, and retaliation that were made or could have been made by EEOC in this case. This Decree also finally resolves all claims arising out of the EEOC Charge filed by Mark Hedgeman, Charge No. 210-2005-01382, as well as any amendments to that Charge.

### FINDINGS

5.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.  This Court has jurisdiction of the subject matter of this action and of the parties.

    b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, McIntyre, and the claimants and the public interest are adequately protected by this Decree.

    c.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the class members, and the public.

### NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### INJUNCTION

6.  McIntyre, its officers, agents, employees, successors, assigns and all persons acting in

concert with it are enjoined from: (a) engaging in any employment practice that discriminates on the basis of race; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any African American employees; and (c) creating, facilitating or tolerating the existence of a work environment that is racially hostile to African American employees.

7. McIntyre, its officers, agents, employees, successors, and assigns are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree. This injunction against retaliation includes initiating any legal action against the claimants based upon any issue known by McIntyre at the time of the execution of this Decree. Such legal actions include, but are not limited to, the following: 1) attempting to recover, redeem or otherwise retrieve any portion of Brenda Parham's severance pay from McIntyre; and 2) filing a lawsuit against Marlon Beckon for any alleged violations of McIntyre's confidentiality policy.

## MONETARY RELIEF

8. McIntyre shall pay monetary damages totaling $175,000 (ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS), to Mark Hedgeman, Marlon Beckon, Joe Booth, Dana Campbell, James Foster, Darryl Harris, Scottie Mix, Michael Jackson, Stephen Hall, Brenda Parham, and Ollie English (collectively, "claimants"). The division among the Class Members is as follows:

| | |
|---|---|
| Mark Hedgeman | $50,000 |
| Marlon Beckon | $20,000 |
| Joe Booth | $20,000 |

3

| | |
|---|---|
| Dana Campbell | $30,000 |
| James Foster | $5,000 |
| Darryl Harris | $2,500 |
| Scottie Mix | $2,500 |
| Michael Jackson | $5,000 |
| Stephen Hall | $5,000 |
| Brenda Parham | $20,000 |
| Ollie English | $15,000 |

9.  EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to each claimant, excluding Michael Jackson, who is deceased. Each claimant, and the Executor of the Estate of Michael Jackson, must execute and return a Release Agreement to EEOC. EEOC will send to McIntyre the executed Release Agreements it receives from the claimants.

10. McIntyre shall issue an Internal Revenue Service ("IRS") Form 1099 to each claimant in the amounts set forth in Paragraph 8 above, except for Mark Hedgeman. For Mark Hedgeman, McIntyre shall pay him $10,000, less applicable deductions, representing lost wages and benefits related to the claims made in this lawsuit, which shall be reflected on an IRS Form W-2; the remaining $40,000 shall be reflected on an IRS Form 1099. The claimants shall each be responsible for all tax obligations on the non-wage payment being made to him/her.

11. As to each claimant identified above, within 30 calendar days of the latest of Defendant's receipt of: (a) the signed Release Agreement; (b) the completed and signed tax form(s); and (c) EEOC's written certification of the accurate and current address, McIntyre shall issue and send by certified mail to the claimant a check in the amount set forth above in Paragraph 8. Defendant will also send a copy of each check to EEOC. In the case of Michael Jackson, McIntyre

4

shall issue and mail by certified mail with 30 calendar days of entry of the Decree a cashier's check in the amount set forth above in Paragraph 8 to the estate of Michael Jackson.

## POSTING OF NOTICE

12. Within five (5) business days following entry of this Decree, McIntyre shall post copies of the Notice (attached hereto as Exhibit B) of this Decree at its University Park, Illinois facility. McIntyre shall post this Notice on a bulletin board usually used by McIntyre for communicating with its employees. The Notice shall remain posted for one (1) year from the date of entry of this Decree. McIntyre shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. McIntyre shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. McIntyre shall permit a representative of EEOC to enter McIntyre's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

13. During the two (2) years covered by this Decree, McIntyre shall maintain and make available for inspection and copying by EEOC records of each employee or applicant who complains of race harassment, race discrimination, and/or retaliation (including names, social security numbers, addresses, and telephone numbers). Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, McIntyre took to resolve the complaint, and the resolution of the report or complaint.

14. McIntyre shall make all documents or records referred to in Paragraph 12 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, McIntyre shall require personnel within its employ whom EEOC reasonably requests for

5

purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

## REPORTING

15. McIntyre shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due 22 months after entry of the Decree. Each such report shall contain:

(a) A summary of the information recorded by McIntyre pursuant to Paragraph 12; and

(b) A certification by McIntyre that the Notice required to be posted in Paragraph 11, above, remained posted during the entire six (6) month (or four (4) month) period preceding the report.

## TRAINING

16. During the two (2) years covered by this Decree, all of McIntyre's employees at its University Park, Illinois facility shall participate in one training session conducted by Seyfarth Shaw At Work, paid for by McIntyre, regarding race harassment, race discrimination, retaliation, and McIntyre's policies regarding such discrimination. (McIntyre conducted harassment and discrimination training to all of its employees in May 2008 and June 2008). All current supervisors, managers and human resources employees shall also participate in such training.

17. McIntyre shall certify to EEOC in writing within 15 calendar days after all the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

18. McIntyre shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

19.  In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

20.  Claimants, as defined in Paragraph 8, shall not have an independent right to enforce any of the terms of this Decree.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

21.  All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree. In the event that, upon the expiration of this Decree, a dispute is pending pursuant to Paragraph 19, then the term of this Decree shall be extended (and the Court will retain jurisdiction of this matter to enforce the Decree), with respect to the issue in dispute only, until such time as such dispute is resolved by the Parties or the Court.

## MISCELLANEOUS PROVISIONS

22.  Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

23.  The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who acquires or

7

merges with Defendant, or any successor of Defendant, prior to any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

24. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

25. When this Decree requires a certification by McIntyre of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of McIntyre. When this Decree requires the submission by McIntyre of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: McIntyre Title VII Settlement, Equal Employment Opportunity Commission, c/o Aaron DeCamp, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to McIntyre, they shall be mailed to: Jeffrey Rubenstein, Much Shelist, Much Shelist Denenberg Ament and Rubenstein, P.C., 191 North Wacker Drive, Suite 1800, Chicago, IL 60606.

8

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ John Hendrickson
John Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-8551
E-Mail: john.hendrickson@eeoc.gov


/s/ Diane I. Smason
Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7526
E-Mail: diane.smason@eeoc.gov

/s/ Aaron R. DeCamp
Aaron R. DeCamp
ARDC # 6282725
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7582
E-Mail: aaron.decamp@eeoc.gov

9

For McIntyre Group, Ltd.

_____
Todd Nelmark, President


ENTER:                                    DATE:

*[signature: George W. Lindberg]*              JUL 0 1 2008
_____              _____
The Honorable Judge George W. Lindberg
United States District Judge

# EXHIBIT A

## RELEASE AGREEMENT

In consideration for $_____ paid to me by McIntyre, LLC, in connection with the resolution of EEOC v. McIntyre Group, Ltd., No. 07 C 5458 (N.D. Ill.), I waive my right to recover for any claims of race harassment, race discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against McIntyre Group, Ltd., prior to the date of this release and that were included, or could have been included, in the claims alleged in EEOC's complaint in EEOC v. McIntyre Group, Ltd., No. 07 C 5458.

_____    _____
Date                                Signature

# EXHIBIT B

Case 1:07-cv-05458   Document 50-2   Filed 07/01/2008   Page 14 of 14

## NOTICE TO ALL MCINTYRE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree agreed to by the parties and entered by the federal court in EEOC v. McIntyre Group, Ltd., No. 07 C 5458, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against McIntyre.

In its suit, EEOC alleged that McIntyre discriminated against various classes of African American employees by subjecting them to a racially hostile work environment, paying them lower wages and promoting them with less frequency than similarly situated non-African American employees, and retaliated against them. In its defense, McIntyre denied all of these allegations.

To resolve the case, McIntyre and EEOC have entered into a Consent Decree which provides, among other things, that:

1) McIntyre will pay monetary relief totaling $175,000;

2) McIntyre is enjoined from discriminating against African American employees on the basis of race and from subjecting African American employees to racial harassment;

3) McIntyre is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4) McIntyre will continue to provide training to all employees regarding race harassment, race discrimination, and retaliation and McIntyre's policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-2713. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: McIntyre Title VII Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.

JUL 01 2008
_____
Date

_____
Judge George W. Lindberg
United States District Court